Filed 6/16/22; Modified and Certified for Publication 7/13/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS DANIEL TORRES,<br><br>    Defendant and Appellant. | 2d Crim. No. B318399<br>(Super. Ct. No. 2021020406)<br>(Ventura County) |

Luis Daniel Torres appeals a grant of probation containing a condition that he serve 180 days of confinement in county jail. Although the trial court misunderstood imposition of custodial time as a probation condition for a felony violation of Vehicle Code section 2800.2, subdivision (a), the court stated that it would not impose less custodial time in the exercise of its discretion. For this reason, we affirm. (Pen. Code, § 1203.1, subd. (a)(2); *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [remand for resentencing unnecessary where record clearly indicates trial court would have reached the same conclusion].)

*FACTUAL AND PROCEDURAL HISTORY*

In the late hours of August 3, 2021, Torres led Oxnard police officers on a vehicle pursuit that reached 100 miles per hour. During the chase, Torres failed to stop at stop signs and passed another motorist on the road shoulder. The officers eventually arrested Torres at his home.

The Ventura County District Attorney charged Torres with felony evasion of an officer with willful disregard, and misdemeanor driving without a license. (Veh. Code, §§ 2800.2, subd. (a), 12500, subd. (a).) Torres later entered a guilty plea to the felony evading count and the court dismissed the misdemeanor count following the prosecutor's motion.

Prior to and following the entry of his guilty plea, Torres and the trial court discussed whether Vehicle Code section 2800.2, subdivision (a), requires 180 days of custodial time as a condition of probation. Torres filed a brief asserting that Penal Code section 1203.1, subdivision (a) does not mandate any minimum confinement as a condition of probation. The court indicated that it would research the issue but believed that a grant of probation for Vehicle Code section 2800.2, subdivision (a) requires "a statutory minimum of 180 days."

In accepting Torres's guilty plea, the trial court advised Torres that the prosecution requested 365 days of confinement. The court also stated that it would make a decision after reviewing the probation report.

At the later sentencing hearing, the trial court stated that it had reviewed the probation report which recommended 180 days of confinement as a probation condition. The prosecutor requested 365 days of confinement in view of Torres's reckless and dangerous evasion. Torres's counsel responded that 120 days

2

was appropriate but that no minimum time was required: "I do not believe the Court is constrained on a grant of probation on this charge to any minimum custody time. So the request at this time is 120 [days]."

The trial court also discussed the aggravating and mitigating sentencing factors pertaining to Torres. A "concerning" aggravating factor was Torres's prior Vehicle Code violations. The trial judge commented: "Whether licensed legally or just being able to drive, Mr. Torres seems to be persistent in driving whether he's legally licensed to do so or not."

The trial court then suspended imposition of sentence and granted Torres 24 months of felony probation with a condition of 180 days of confinement in county jail. The court again noted its disagreement with Torres's argument but added that, in the exercise of its discretion, it would impose 180 days of confinement given Torres's "driver's license issue": "I'm going to exercise my discretion with his driver's license issue. . . . I believe that 180 days is appropriate . . . even if I did have discretion, I choose not to exercise it."

Torres appeals and contends that the trial court erroneously concluded that Vehicle Code section 2800.2, subdivision (a) requires 180 days of minimum confinement as a condition of probation. The Attorney General concedes but asserts that remand would be an idle act given the court's statement that it would not impose a lesser term in the exercise of its discretion.

## DISCUSSION

Torres argues that the trial court did not exercise its informed discretion when imposing the 180 days of confinement

3

as a probation condition because it misunderstood Vehicle Code section 2800.2, subdivision (a).[1]

Penal Code section 1203, subdivisions (b) and (d) permit the trial court to suspend imposition or execution of sentence and grant probation.  As a condition of granting probation, the court may order the defendant imprisoned "in a county jail for a period not exceeding the maximum time fixed by law in the case."  (Pen. Code, § 1203.1, subd. (a).)  Confinement is not mandated by Penal Code section 1203.1, however; instead, the court may "impose either imprisonment in a county jail or a fine, both, *or neither*." (*Id.*, subd. (a)(2), italics added.)

Certain penal statutes do require a jail sentence as a condition of probation.  For example, Vehicle Code section 14601.2, driving under the influence with a suspended license, requires 10 days confinement as a condition of probation.  (*Id.*, subd. (e).)  Penal Code section 290.018, failing to register as a sex offender, requires 90 days confinement as a condition of probation.  (*Id.*, subd. (c).)  Penal Code section 273.5, second offense domestic violence, requires 15 days confinement as a condition of probation.  (*Id.*, subd. (h)(1).)  Vehicle Code section 14601.2, driving with a suspended license due to driving under the influence, requires 10 days confinement as a condition of probation.  (*Id.*, subd. (e).)

Vehicle Code section 2800.2, subdivision (a) does not require incarceration, however, as a condition of probation.  It provides: "If a person flees or attempts to elude a pursuing peace officer in violation of [Vehicle Code] Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the

---

[1] We grant Torres's request for judicial notice that this issue has arisen in three unpublished opinions from 2010 to 2017.

4

safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year. The court may also impose a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or may impose both that imprisonment or confinement and fine." (*Ibid.*)

The trial court had statutory discretion to impose jail confinement of up to one year as a condition of probation or to impose no jail sentence. (Pen. Code, § 1203.1, subd. (a)(2).) The court's remarks at sentencing clearly indicate that it would exercise its discretion and impose 180 days of confinement as a probation condition. Remand therefore would be an idle act because the court has indicated it would reach the same sentencing decision. (*People v. Gutierrez, supra*, 58 Cal.4th 1354, 1391.)

*DISPOSITION*

The order is affirmed.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

5

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Ventura County Legal Services, Inc. and Christina Vanarelli for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Filed 7/13/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>LUIS DANIEL TORRES,<br><br>　　Defendant and Appellant. | 2d Crim. No. B318399<br>(Super. Ct. No. 2021020406)<br>(Ventura County)<br><br>ORDER MODIFYING AND<br>CERTIFYING OPINION FOR<br>PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

　　It is ordered that the opinion filed herein on June 16, 2022, be modified as follows:

　　1. On page 1, the first paragraph is changed to read:

　　"Here we put to rest any doubt concerning whether Vehicle Code section 2800.2 subdivision (a), mandates jail time. It does not. The trial court may exercise its discretion to grant probation for a violation of the section.

　　"Luis Daniel Torres appeals a grant of probation with the condition that he serve 180 days of confinement in county jail. Although the trial court misunderstood imposition of custodial time as a probation condition for a felony violation of Vehicle

1

Code section 2800.2, subdivision (a), the court said it would not impose less custodial time if it did have the discretion.  For this reason, we affirm.  (Pen. Code, § 1203.1, subd. (a)(2); *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [remand for resentencing unnecessary where record clearly indicates trial court would have reached the same conclusion].)"

2. On page 2, the word "its" is substituted for the word "a" in the second sentence of the fourth full paragraph is so that the sentence reads:  "The court also stated that it would make its decision after reviewing the probation report."

There is no change in judgment.

The opinion in the above-entitled matter filed June 16, 2022, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.